UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

Robbie Bell, )
      Petitioner, )
       ) No. 19 CV 50301
v. ) Judge Iain D. Johnston
       )
Andrew Ciolli,[1] )
      Respondent. )

## MEMORANDUM OPINION AND ORDER

Petitioner Robbie Bell seeks to vacate his conviction and sentence for being a felon in possession of ammunition, or allow him to withdraw his guilty plea and proceed to trial. Specifically, he contends that his guilty plea was not knowing and voluntary because he did not realize at the time that the government was required to prove that he knew he was a felon. For the reasons that follow, his petition [1] is denied.

## Background

On October 19, 2011, officers with the Chattanooga Housing Authority in Tennessee received a report that an unauthorized person was living in a house there. Presentence Investigation Report [14] at 4. They went to the home and were met at the door by petitioner Robbie Taylor Bell. *Id.* Officers confirmed that Mr. Bell was on the Authority's no trespassing list, arrested him, and after obtaining permission from another resident to come inside, observed boxes of ammunition. *Id.* Mr. Bell was charged with a single count of being a felon in possession of ammunition, *see* 18 U.S.C. § 922(g), and on July 25, 2013, pleaded guilty. *See United States v. Robbie Bell*, No. 1:12 CR 34 (E.D. Tenn.), Dkts. 1, 42. In the PSR, his probation officer calculated a total offense level of 30 and a criminal history category of VI. It also noted that because of three prior felonies—two drug convictions and one aggravated assault conviction—the defendant is an armed career criminal under 18 U.S.C. § 924(e) and so subject to a 15-year minimum sentence. PSR [14] at 6, 17. The resulting sentencing range under the Sentencing Guidelines was 180 – 210 months. *Id.* at 17. On January 9, 2014, Mr. Bell was sentenced to 210 months' incarceration followed by five years' supervised release. *Bell*, No. 1:12 CR 34 (E.D. Tenn.), Dkt. 56. His projected release date is December 12, 2030.

Mr. Bell did not appeal, but on September 14, 2016, did file a motion under 28 U.S.C. § 2255 arguing that his prior conviction for aggravated assault was no longer a valid predicate offense and he should therefore be resentenced without the armed career criminal enhancement. *Id.* at Dkt. 63. But the district court denied his motion as untimely. *Id.* at Dkt. 65.

On November 13, 2019, Mr. Bell filed the instant petition under 28 U.S.C. § 2241. In it,

---

[1] The warden of AUSP Thomson is now Andrew Ciolli. Pursuant to Federal Rule of Civil Procedure 25(d), he is automatically substituted as the defendant to this suit.

Mr. Bell argues that his conviction for being a felon in possession of ammunition cannot stand because of the U.S. Supreme Court's fairly-recent decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). In *Rehaif*, the Supreme Court first held that under 18 U.S.C. § 922(g), the government must prove not only that a defendant belonged to a group of persons prohibited from possessing a firearm or ammunition, but also that the defendant *knew* he was a member of that group. *See id*. at 2195-96. Mr. Bell contends that because he did not know in 2013 that the government needed to prove he knew he was a felon, his guilty plea was not knowing and voluntary. As a result, he contends that his conviction and sentence should be vacated, or alternatively he should be allowed to withdraw his guilty plea and proceed to trial. In response, the government argues that Mr. Bell cannot raise his argument under 28 U.S.C. § 2241 and that, even if he could, he would not prevail because of evidence establishing that he knew he was a felon.

The normal avenue available to a federal prisoner to collaterally attack his sentence is 28 U.S.C. § 2255. But the ability to obtain relief under § 2255 is limited: for instance, a motion must be brought within one year of either the conclusion of the direct appeal or certain other events such as a Supreme Court decision newly recognizing a right that applies retroactively, *see* 28 U.S.C. § 2255(f); a prisoner may bring only one motion under § 2255 as of right, *see* § 2255(h); and a second or successive motion must be based on either newly discovered evidence or a Supreme Court case involving a new interpretation of the U.S. Constitution, *see* § 2255(h)(1), (2). If a prisoner cannot meet any of those requirements, he may be able to proceed under the "saving clause" of 28 U.S.C. § 2255(e), but only if he can show that § 2255 is "inadequate or ineffective to test the legality of his detention." *Worman v. Entzel*, 953 F.3d 1004, 1008 (7th Cir. 2020). Different circuits evaluate the "inadequate or ineffective" provision differently, and the question of which circuit's law governs the "inadequate or ineffective" inquiry—be it the circuit in which the defendant was convicted or the circuit in which the defendant is housed—is unsettled. *See Chazen v. Marske*, 938 F.3d 851, 865 (7th Cir. 2019) ("Today's opinion avoids resolving the choice-of-law problem . . .") (J. Barrett, concurring).

But the Court need not resolve the choice-of-law issue because even if Mr. Bell could proceed with his § 2241 petition under the saving clause of § 2255(e), his petition would still fail. Although arising in the plain error context, to establish a plea was involuntary because of *Rehaif*, courts have concluded that a defendant must show a "reasonable probability that he would not have pleaded guilty if he knew of *Rehaif*." *United States v. Williams*, 946 F.3d 968, 971-72 (7th Cir. 2020); *see also United States v. Hobbs*, 953 F.3d 853, 857 (6th Cir. 2020) (defendant must establish that had he known of *Rehaif* he would not have pleaded guilty). Mr. Bell *does* seek to invalidate his plea and proceed to trial as an alternative to vacating his conviction, but he does so while arguing that "there is no evidence on the record or out of the record by which the government can prove" that he knew he was a felon. Petition [1] at 27. Mr. Bell is incorrect. His PSR sets out his criminal background, which includes a conviction for aggravated robbery for which he served nearly ten years in custody. PSR [14] at 7. He was also convicted of possession of cocaine and sentenced to three years' imprisonment, which was originally suspended but was eventually "ordered into execution" after his probation was revoked. *Id.* at 9. The PSR also identifies two other felonies for which he received suspended sentences, five years for aggravated assault and three years for possession of crack cocaine for resale, and although it appears that he did not serve more than a year for either conviction, he

was on notice that they were crimes for which he could have served more than a year of incarceration. *Id.* at 8. Moreover, at a suppression hearing Mr. Bell testified that at the time of his arrest for possessing ammunition, he knew he had been previously convicted as a felon. *Bell*, No. 1:12 CR 34 (E.D. Tenn.), Dkt. 34 at 4-5. Mr. Bell's two periods of incarceration, once for ten years and again for three, his two other convictions for which he received suspended sentences exceeding one year, and his admission that he knew he was a felon at the time he possessed ammunition, "would severely hamper an assertion that he was ignorant of the fact that [his prior crimes were] punishable by more than a year of imprisonment." *United States v. Dowthard*, 948 F.3d 814, 818 (7th Cir. 2020) (a defendant who served more than a year in prison for a prior offense would face an uphill battle to show that a *Rehaif* error affected his substantial rights); *Hobbs*, 953 F.3d at 857-58 (no reasonable juror could have believed the defendant did not know he was a felon where he had served six years in prison for aggravated robbery). Based upon his criminal history, it does not seem reasonably probable that had Mr. Bell known of *Rehaif*, he would have decided to go to trial, which would also have cost him the 3 level reduction to his total offense level he received for timely acceptance of responsibility by pleading guilty.

## CONCLUSION

For the reasons given, Mr. Bell's petition [1] is denied. This civil case is terminated, and the clerk is directed to enter judgment.

Mr. Bell is advised that this is a final decision ending his case in this Court. If he wants to appeal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). Mr. Bell need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if he wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). A Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi). The time to file a Rule 59(e) or 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2).

To the extent one is required, the Court declines to issue a certificate of appealability. *See* Rule 11 of the Rules Governing § 2254 Cases. Petitioner cannot show that reasonable jurists would debate, much less disagree, with this Court's resolution of his § 2241 petition. *Arredondo v. Huibregtse*, 542 F.3d 1155, 1165 (7th Cir. 2008) (citing 28 U.S.C. § 2253(c)(2), and *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Date: May 26, 2021    By: _____
                          Iain D. Johnston
                          United States District Judge